
UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 03-40037-02 |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR REDUCTION OF SENTENCE |
| -vs- | * | |
| LON SYHAVONG, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending before the Court is Defendant Lon Syhavong's pro se motion for reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 124.) Defendant requests a reduction of his sentence based on amendments to the United States Sentencing Guidelines that became effective on November 1, 2010. For the following reasons, the motion will be denied.

On June 25, 2003, a jury convicted Defendant of possession with intent to distribute at least 50 but less than 500 grams of a substance containing methamphetamine, and conspiracy to possess with intent to distribute at least 50 but less than 500 grams of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Sentencing took place on September 8, 2003. The Court found that Defendant's criminal activity involved 3.43 kilograms of methamphetamine. An offense level of 34 and a criminal history category of I resulted in a guideline range of 151 to 188 months. The statutory mandatory minimum for a crime involving at least 50 but less than 500 grams of a substance containing methamphetamine was 5 years and the maximum was 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(viii) (2003).[1] Defendant was sentenced to 151 months of imprisonment and 4 years supervised release on each of the two counts of conviction, to be served concurrently. On September 15, 2003, Defendant appealed his sentence to the Eighth Circuit. The

---

[1] Reference is made to the United States code provision in effect in 2003 and controlling at the time Defendant's offenses were committed in 2003.

Eighth Circuit issued a Mandate affirming Defendant's conviction and sentence on June 1, 2004. On July 20, 2005, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.[2] *See* CIV 05-4111.

On December 10, 2010, Defendant filed the pending motion which he captioned a "Motion for Reduction of Sentence in Light of the November 1st 2010 Amendments to the U.S.S.G." Citing Part H of Chapter 5 of the Sentencing Guidelines, Defendant asks the Court to consider a sentence reduction based on his age, mental and emotional conditions, physical conditions and past military service. Those factors previously were categorized as "discouraged" grounds for departure, but Amendment 739, effective November 1, 2010, altered those guidelines so that the factors "may be relevant in determining whether a departure is warranted," if they are "present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." United States Sentencing Commission Guidelines Manual, Supplement to Appendix C, at 348-51 (2010). Citing U.S.S.G. § 2L1.2, Defendant also requests a departure for cultural assimilation. Amendment 740, effective November 1, 2010, added an application note to U.S.S.G. § 2L1.2 providing that a downward departure may be warranted in illegal re-entry cases on the basis of a defendant's cultural assimilation to the United States. *See id.* at 351-52.

Defendant provides no information or argument which would enable the Court to reduce his sentence, and the amendments on which he relies do not qualify him for a reduction under 18 U.S.C. § 3582(c)(2). Sentence reductions are permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

---

[2]An evidentiary hearing was held to determine if appellate counsel was ineffective for failing to petition for a writ of certiorari. In a Memorandum Opinion and Order issued on August 3, 2007, the Court ruled that counsel was ineffective and that Defendant should be allowed to file a petition for certiorari. The Court submitted a request to the Eighth Circuit asking for an order vacating and reentering its Mandate in Defendant's case, or to take whatever action the Eighth Circuit deemed appropriate in order to allow filing of a petition for a writ of certiorari. On September 6, 2007, the Eighth Circuit issued an Order denying the request without explanation. The remainder of Defendant's § 2255 claims were denied in a Memorandum Opinion and Order issued on November 14, 2008.

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10, which designates the amendments to the Guidelines that may be applied retroactively. Neither Amendment 739 nor Amendment 740 is listed as retroactive in U.S.S.G. § 1B1.10(c). Furthermore, section 1B1.10 provides, in relevant part, that a reduction in a defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The sentencing range for Defendant's offense has not been lowered by Amendments 739 or 740. They simply amend policy statements regarding a court's ability to grant downward departures based on certain characteristics, or on cultural assimilation in illegal reentry cases. Amendment 740 would not be applicable in any event because it applies in illegal reentry cases and Defendant was convicted of possession with intent to distribute methamphetamine and conspiracy to possess with intent to distribute methamphetamine. Thus, the Court has no discretion under § 3582(c)(2) to reduce Defendant's sentence. Accordingly,

IT IS ORDERED that Defendant Lon Syhavong's motion for reduction of his sentence, doc. 1124, is denied.

Dated this \_\_\_ day of May, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Colleen Schutte
(SEAL)   DEPUTY

3